NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACARIO IGNACIO MARRUFFO, | No. 17-15865 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00261-SPL |
| v. | |
| CHRISTOPHER STREET, Sgt, young fiction ex parte individual and official capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Arizona state prisoner Macario Ignacio Marruffo appeals pro se from the

district court's summary judgment and dismissal order in his action brought under

42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("RICO"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for failure to exhaust administrative remedies); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court's dismissal of all claims other than the excessive force claim against Street was proper because Marruffo failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (elements of access-to-courts claim); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (elements of a civil RICO claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim in prison context); *Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003) (elements of equal protection claim); *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (elements of conspiracy claim).

2

The district court properly granted summary judgment on Marruffo's excessive force claim because Marruffo failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

We do not consider arguments not specifically and distinctly raised and argued in the opening brief, or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Marruffo's request for judicial notice, set forth in his opening brief, is denied.

Marruffo's "Motion for Order to Reinstate Order to Amend Upon Newly Discovered Information" (Docket Entry No. 16) and "Motion to Notify with Order

3                                                              17-15865

for Extension" (Docket Entry No. 36) are denied.

**AFFIRMED.**